# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**CHAD L. USELTON**                                                                                    **PLAINTIFF**

**V.**                                                                                   **NO. 1:16CV00036-JMV**

**CAROLYN W. COLVIN,**
**Acting Commissioner of**
**Social Security Administration**                                                                     **DEFENDANT**

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying claims for a period of disability and disability insurance benefits and supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows, to-wit:

Consistent with the court's ruling from the bench during oral argument, the court does not find the ALJ's apparent failure to consider Dr. Margaret Glynn's July 2014 opinions (Exhibit 20F) that the Claimant would miss more than four days of work per month because of his impairments and that he needs to be evaluated by a neurologist constitutes harmless error. Indeed, a January 2012 record of an office visit to Dr. Hunt Bobo of North Mississippi Neurosurgical Services indicates the Claimant could neither work nor drive while having seizures and would "need to get clearance from Neurology." Moreover, nothing in the ALJ's decision indicates the ALJ considered the Claimant's statements that he could not afford to see a neurologist. On remand, the ALJ shall send the claimant for a consultative evaluation

by a neurologist, who shall provide a detailed opinion regarding how the Claimant's seizure disorder affects his ability to perform work activity. This neurologist shall also provide an opinion, if able to, regarding whether said condition existed prior to the claimant's date last insured. Further, if necessary, the ALJ shall consult a medical advisor regarding whether the current extent of the Claimant's seizure disorder existed prior to his date last insured. The ALJ shall then reconsider the claimant's residual functional capacity based on all the relevant evidence in the record and conduct any additional proceedings not inconsistent with this court's order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **REVERSED** and **REMANDED** for further proceedings.

This, the 4th day of October, 2016.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE